**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JEFFERY B. LONERO
Plaintiff(s)

CASE NO.:

HON:

v.

STEVE KING; GREGORY HARTUNIAN, MARK ZUPIC and JOHN DOE OFFICERS 1-18,
Defendant(s)

---

CRAIG S. ROMANZI, PC
CRAIG S. ROMANZI (P45549)
Attorneys for Plaintiff(s)
900 Wilshire Drive, Suite 202
Troy, Michigan 48084
p. (313) 960-4600
f. (313) 960-4500
e. craigromanzi@gmail.com

---

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, JEFFERY B. LONERO, through his attorneys, CRAIG S. ROMANZI, PC, hereby state the following for his Complaint against the above-named Defendants:

1. This is a civil action for money damages brought pursuant to 42 USC §1983 and §1988, and the Fourth and Fourteenth Amendments to the United States Constitution against Defendants STEVE KING, GREGORY HARTUNIAN,

MARK ZUPIC and JOHN DOE OFFICERS 1-18, in their respective individual capacities.

2. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343.
3. Plaintiff JEFFERY LONERO also asserts a state law claim for intentional infliction of emotional distress against, over which this Court has supplemental jurisdiction
4. Venue is proper in the Eastern District of Michigan pursuant to 28 U.S.C. §1391(d) because the events took place in the City of Madison Heights, Oakland County which is in the jurisdiction of the United States District Court for the Eastern District of Michigan, Southern Division.
5. The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars.
6. At all relevant times, Plaintiff JEFFERY B. LONERO was a citizen of the United States residing in the City of Madison Heights in Oakland County, Michigan.
7. Upon information and belief, Defendants STEVE KING, GREGORY HARTUNIAN, MARK ZUPIC and JOHN DOE OFFICERS 1-18 were at all times acting in their respective individual capacities and within the scope of their employment as police officers employed by the City of Madison Heights Police Department.

8. On December 7, 2013, at the time of the events alleged in this Complaint, were at all times acting in their respective individual capacities, within the scope of their employment and, under the color of laws, statutes, ordinances, policies, practices, customs and usages of the State of Michigan, City of Madison Heights, and the Madison Heights Police Department.

**FACTUAL ALLEGATIONS**

9. The police officers in the Madison Heights Police Department have a long history of harassing Plaintiff JEFFERY LONERO, including violation of his civil rights and engaging in the excessive use of force against JEFFERY LONERO.

10. In 1997, following an incident involving the use of excessive force in violation of Plaintiff JEFFERY LONERO'S civil rghts, Madison Heights Police Officer Robert Anderson was sued by Plaintiff JEFFERY LONERO in the United States District Court, Eastern District of Michigan, Sothern Division in case number 2:97-cv-73164

11. This 1997 claim culminated in a jury verdict in favor of JEFFERY LONERO for Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest, costs and attorney fees.

12. From 1997 through the present, the officers of the Madison Heights Police Department have harassed JEFFERY LONERO on a regular basis by:

a. Repeatedly stopping LONERO as he was going about his daily business to question/detain/harass him, always making reference to LONERO'S prior law suit against Officer Robert Anderson;

b. Engaging in acts which were designed to intimidate and harass JEFFERY LONERO by making him feel that he could be detained and beaten at any time.

13. On September 4, 2008, Plaintiff was arrested in Madison Heights during a call to his mother's home because he and his brother were arguing. Plaintiff's brother had actually punched JEFFERY LONERO in the face several times. When the officers from the Madison Heights Police Department arrived, they rushed JEFFERY LONERO, throwing him to the ground, tasered him and used excessive force in handcuffing Plaintiff, while "checking the cuffs for tension and double lock[ing] them." JEFFERY LONERO was charged with domestic assault (for the fight with his brother), and obstructing/resisting/assaulting a police officer causing injury (an officer wrote in his report that "while at the scene, my elbow starting having a slight burning sensation). JEFFERY LONERO was detained in the Oakland County Jail for over Sixty (60) Days because bail was set at an amount that JEFFERY LONERO could not afford. Finally, when told that he could get out of jail if her pled guilty, JEFFERY LONERO pled in order to get out of jail. He was sentenced to 100 days, with credit for 68 days servied, days with time served and 18 mos. probation.

14. On December 7, 2013 prior to 9:38 am, JEFFERY LONERO was sleeping in his bedroom at 520 Sheffield Ave., Madison Heights, Michigan.

15. Plaintiff's Mother, Nancy Lonero and Brother, Michael Lonero were also present in the home.

16. At approximately 9:38 am, Defendants KING, HARTUNIAN and JOHN DOE OFFICERS 1-18 arrived at 520 Sheffield to arrest JEFFERY LONERO, on a warrant issued on March 6, 2009 for alleged probation violation

17. Upon information and belief, KING, HARTUNIAN and JOHN DOE OFFICERS 1-18 opened the front door to 520 Sheffield without knocking or announcing their presence.

18. Upon information and belief, KING, HARTUNIAN and JOHN DOE OFFICERS 1-18 were dressed in "swat team attire" and guns were drawn.

19. Defendants entered Plaintiff's bedroom and found Plaintiff JEFFERY LONERO sleeping in his bed.

20. Defendants KING, HARTUNIAN and JOHN DOE OFFICERS 1-18 never announced their presence in the home.

21. Defendants KING and HARTUNIAN never announced their presence in Plaintiff JEFFERY LONERO'S bedroom.

22. Instead, without any provocation, knowing that JEFFERY LONERO had no history of possession of weapons of any kind, and without any objectively verifiable justification for the use of force, the very first action taken by

Defendants KING and HARTUNIAN was to awaken Plaintiff JEFFERY LONERO by tasering him in his neck.

23. Again, without any provocation, knowing that JEFFERY LONERO had no history of possession of weapons of any kind, and without any objectively verifiable justification for the use of force Defendants KING and HARTUNIAN repeatedly hit Plaintiff JEFFERY LONERO in the head with a hard object, like a baton or flashlight, causing severe and permanent injuries described below.
24. Defendants KING and HARTUNIAN removed Plaintiff JEFFERY LONERO from his bed and forcibly, and with excessive force and violence, handcuffed Plaintiff JEFFERY LONERO, tightening the handcuffs so as to cause additional injury to LONERO'S left wrist which Officer Robert Anderson injured in 1997.
25. While intentionally over-tightening the handcuffs so as to insure injury to Plaintiff LONERO, either Defendant KING or HARTUNIAN referred to Plaintiff LONERO as a "nigger wop".
26. When Plaintiff JEFFERY LONERO was escorted from his bedroom, he saw approximately Twenty (20) officers in the home and on the front yard.
27. When Plaintiff JEFFERY LONERO was placed in the police cruiser, the officer assigned the task of driving LONERO to the station said to Plaintiff JEFFERY LONERO, "I would not have missed this for the world", referring to the unconstitutional arrest of LONERO.

28. Plaintiff JEFFERY LONERO was placed in a holding cell at the Madison Heights Police Department.

29. Plaintiff was removed from the cell by Defendant MARK ZUPIC two times on December 7, 2013 and taken to a interview room.

30. During these interviews by Defendant MARK ZUPIC, Defendant MARK ZUPIC referred to a file which he referred to as a file regarding LONERO'S judgment against Officer Anderson, and remarked "See, this is the kind of think that really pisses cops off."

31. At the conclusion of the second meeting, in the area directly in front of the door to the interview room, Defendant MARK ZUPIC removed his service weapon from his holster, showed LONERO the revolver was loaded, and pointed it to his genital area, saying something to the effect of "you wouldn't want this to happen to you?"

32. The incident reports completed by Defendant KING and Defendant ZUPIC are false and misleading in an effort to conceal what actually transpired on December 7, 2013. For example, December 7, 2013 report lists only two (2) officers on the scene and falsely states that:

> On 12/7/2013 at approximately 0938 hours, officers arrived as 520 Sheffield for a warrant (Oakland County Prob. Violation) arrest of JEFFERY Brian Lonero DOB 05/28/1968. When officers arrived, JEFFERY's brother, Michael Joseph Lonero let us into the residence and [he] went to get him. Officers made contact with JEFFERY Brian Lonero and arrested him for the

warrant (H.C.D.L.W.S.) Officers transported him to MHDP for booking and lodging without incident.

33. The conduct of Defendants STEVE KING, GREGORY HARTUNIAN, MARK ZUPIC and JOHN DOE OFFICERS 1-18 was and remains extreme and outrageous, subjecting them to punitive damages.

**COUNT I – 42 USC §1983**

**FOURTH AMENDMENT VIOLATION– EXCESSIVE FORCE**

**DEFENDANTS KING, HARTUNIAN and JOHN DOE OFFICERS 1-18**

34. Plaintiff repeats the allegations contained in each of the preceding Paragraphs as if set forth fully herein.

35. At all times relevant to the allegations raised in Plaintiff's Complaint, Plaintiff JEFFERY were entitled to all rights, privileges, and immunities accorded to free citizens of the State of Michigan and the United States.

36. Pursuant to the Fourth Amendment to the United States Constitution, at all times relevant to this Complaint, Plaintiff JEFFERY LONERO had a right to be protected from the use of unreasonable excessive force by DEFENDANTS KING, HARTUNIAN, ZUPIC and JOHN DOE OFFICERS 1-18 in exercise of their respective jobs as police officers in the City of Madison Heights.

37. Pursuant to the Fourth Amendment to the United States Constitution, at all times relevant to this Complaint, Plaintiff JEFFERY LONERO had a right to be protected from actions of Defendants KING, HARTUNIAN, ZUPIC and

JOHN DOE OFFICERS 1-18 in exercise of their respective jobs as police officers in the City of Madison Heights which were planned and executed in such a manner as to intentionally causes extreme emotional distress and damage.

38. The acts and omissions described above violated Plaintiff JEFFERY LONERO'S rights, privileges and immunities afforded to him by the United States Constitution because such acts and omissions:

    a. were an unreasonable seizure, arrest, and detention in violation of the Forth and Fourteenth Amendments to the United States Constitution;

    b. were an unreasonable and excessive use of force in violation of the Forth and Fourteenth Amendments to the United States Constitution.

39. The rights at issue in Plaintiff's Complaint were clearly established at the time of these constitutional violations and any reasonable police officer should have been aware of Plaintiff's' rights and recognized their actions violated Plaintiff's rights.

40. Pursuant to 42 U.S.C. § 1983, Defendants KING, HARTUNIAN, ZUPIC and JOHN DOE OFFICERS 1-18 are liable for all damages allowed under federal law. To the extent that the damages allowable and/or recoverable are deemed insufficient to fully compensate Plaintiffs and/or to punish or deter the Defendants, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

41. As a direct and proximate result of the unconstitutional actions of Defendants KING, HARTUNIAN, ZUPIC and JOHN DOE OFFICERS 1-18, Plaintiff JEFFERY LONERO sustained the following injuries, harms and damages, which include, but not limited to:

   a. Cognitive, psychological and psychiatric deficits resulting from being beaten in the head and tasered in his neck;
   b. Concussion, post-concussive disorder, or mild traumatic brain injury;
   c. Nerve damage, and/or aggravation of nerve damage to the left wrist;
   d. Fear, anxiety and depression, with nervous breakdown;
   e. Mental anguish, stress and the loss of enjoyment of life and social activities;
   f. Pain, suffering, embarrassment and humiliation;
   g. Multiple bruises to the face, head and neck.

42. As a result of Defendants' unconstitutional acts and/or omissions, Plaintiff is entitled to compensation for the damages and injuries described above, and is entitled to recovery punitive damages against Defendants.

43. Plaintiff is also entitled to recover reasonable costs and attorney's fees under 42 USC §1988.

**COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**DEFENDANTS KING, HARTUNIAN ZUPIC and JOHN DOE OFFICERS 1-18**

44. Plaintiff repeats the allegations contained in each of the preceding Paragraphs as if set forth fully herein.

45. The intentional conduct of Defendants KING, HARTUNIAN, ZUPIC and JOHN DOE OFFICERS 1-18, described herein was extreme, outrageous, unnecessary and beyond the pale of what should be tolerated in a civilized society. Defendants' conduct would be recognized by any reasonable person, and/or police officer, to proximately cause emotional distress, depression, fear and anxiety in a person such as Plaintiff JEFFERY LONERO.

46. The intentional acts and omissions of Defendants KING, HARTUNIAN, ZUPIC and JOHN DOE OFFICERS 1-18, directly and proximately caused Plaintiff JEFFERY LONERO to suffer severe emotional distress.

47. The emotional distress suffered by Plaintiff JEFFERY LONERO as physically manifested itself in symptoms including but not limited to:

    a. Headaches;
    b. Extreme anxiety,
    c. Nightmares;
    d. Crying spells;
    e. Impaired memory. focus and attention;
    f. Sleeplessness;
    g. Such other injuries and physical manifestations revealed during the course of discovery and trial in this matter.

WHEREFORE, Plaintiff JEFFERY LONERO respectfully requests a judgment for damage and against each of the Defendants, jointly and severally, in whatever amount a jury shall determine to be reasonable, fair and just compensation for Plaintiffs"

a. Pain and suffering;
b. Emotional and mental distress;
c. Violation of Plaintiff's constitutional rights under 42 USC §1983 and §1988;
d. Punitive and exemplary damages;
e. Reasonable attorney fees, interest and reimbursable costs;
f. Any other relieve the Honorable Court deems reasonable and just under the circumstances.

Respectfully submitted,

CRAIG S. ROMANZI, PC

/S/ Craig S. Romanzi
CRAIG S. ROMANZI (P45549)
Attorneys for Plaintiff(s)
900 Wilshire Drive, Suite 202
Troy, Michigan 48084
p. (313) 960-4600
f. (313) 960-4500
e. craigromanzi@gmail.com

Dated: December 7, 2016

**JURY DEMAND**

Plaintiff JEFFERY LONERO through his attorneys, CRAIG S. ROMANZI, PC, hereby demands a Trial by Jury in this matter.

Respectfully submitted,

CRAIG S. ROMANZI, PC

/s/ Craig S. Romanzi
CRAIG S. ROMANZI (P45549)
Attorneys for Plaintiff(s)
900 Wilshire Drive, Suite 202
Troy, Michigan 48084
p. (313) 960-4600
f. (313) 960-4500
e. craigromanzi@gmail.com

Dated: December 7, 2016