UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY B. LONERO,

    Plaintiff,                               Case No. 16-cv-14279

    v.                                       District Judge Linda V. Parker

STEVE KING, GREGORY HARTUNIAN,       Magistrate Judge Mona K. Majzoub
MARK ZUPIC, and
JOHN DOE OFFICERS 1-18,

    Defendants.
_____/

## REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS [27]

Plaintiff filed the present civil rights action under 42 U.S.C. § 1983, contending that employees of the Madison Heights Police Department violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. (Docket no. 1.)

This matter is before the Court on Defendants' motion to dismiss pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure, based on Plaintiff's failure to respond to Defendants' initial discovery requests. (Docket no. 27). Defendants' motion to dismiss was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. 636(b)(1)(B). (Docket no. 28.) The Court has reviewed the pleadings and determined that the motions will be resolved without oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).

**I.    RECOMMENDATION**

For the reasons that follow, the undersigned recommends that Defendants' Motion to Dismiss (docket no. 27) be **DENIED** without prejudice. However, it is also recommended that if Plaintiff fails to fully comply with the Court's 12/4/2017 order compelling Plaintiff to respond to

Defendants' discovery requests within fourteen days, the Court should dismiss this matter pursuant to Rule 41 of the Federal Rules of Civil Procedure.

## II.  REPORT

### A.  Background

Plaintiff filed this civil rights complaint on the basis of alleged violations of his rights under the Fourth and Fourteenth Amendments. Plaintiff contends that on December 7, 2013, Defendants employed excessive force during the execution of a warrant for Plaintiff's arrest, including tasering Plaintiff in the neck and striking Plaintiff in the head with a baton or flashlight. (Docket no. 1.)

On April 20, 2017, Defendants served Plaintiff by U.S. Mail to Plaintiff's counsel with Defendants' First Set of Interrogatories and Request to Produce pursuant to FRCP 33(a) and FRCP 34(a)(1). (Docket no. 27-3.)

On June 20, 2017, this Court entered a Stipulated Order compelling Plaintiff to serve full and complete answers to Defendants' First Set of Interrogatories and Requests to Produce Documents on or before July 5, 2017. (Docket no. 20.) When Plaintiff failed to respond by July 5, 2017, counsel for Plaintiff stated in an email to counsel for Defendants that he was "having trouble reaching [his] client." (Docket no. 27-9.) Defense counsel agreed to give Plaintiff until July 12, 2017 to respond to the discovery requests. (*Id.*) On July 13, 2017, Defendants filed a motion to compel Plaintiff to respond to Defendants' first set of interrogatories and requests to produce. (Docket no. 22).

On August 10, 2017, counsel for Defendants requested an update from Plaintiff's counsel regarding the outstanding discovery. Counsel for Plaintiff again stated that he was "having trouble breaking through to speak with [Plaintiff]." (Docket no. 27-8.) Counsel for Defendants

then requested Plaintiff's concurrence in a stipulated order of dismissal. (*Id.*) Counsel for Plaintiff refused to stipulate to dismiss the matter, but indicated that he "may move to withdraw." (*Id.*) On September 6, 2017, Defendants filed the present motion to dismiss pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure.

   **B.   Governing Law**

Under Rule 37, the court may dismiss a matter in whole or in part if a party disobeys a discovery order or fails to attend its own deposition, serve answers to interrogatories, or respond to a request for inspection. Fed. R. Civ. P. 37(b)(2)(A)(v), (d). The court also "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). But the entry of a default judgment or dismissal of an action as a sanction for discovery abuse is a sanction of last resort and may be imposed only if the court concludes that the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault. *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990). Additional factors to consider are prejudice to the adversary party from the failure to cooperate, whether the defaulting party was warned that failure to cooperate could lead to default, and whether less drastic sanctions were considered. *Id.*

Rule 41(b) gives a court authority to dismiss a case on motion if "the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Fed. R. Civ. P. 41(b). A dismissal under Rule 41(b) operates as an adjudication on the merits. The court should consider the following factors before dismissing an action under Rule 41(b): (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the opposing party was prejudiced by the dilatory conduct of the party; (3) whether the dismissed party was warned that failure to

cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998).

**C.    Analysis**

Defendants contend that under the factors set forth above, dismissal is appropriate. (Docket no. 27 at 12-13.) Defendants assert that Plaintiff's failures to provide answers to Defendants' written discovery, submit initial disclosures, and produce dates for Plaintiff's deposition demonstrate a "clear record of delay and contumacious conduct." (Docket no. 27, p. 18.) In addition, Defendants submit that "[t]he Sixth Circuit has held that prejudice results where the defendant 'wastes time, money, and effort in pursuit of cooperation which [the claimant] was legally obligated to provide.'" (*Id.* at 19-20 (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)).)

As discussed above, dismissal of a matter under Rule 37(b)(2)(A) is a severe sanction that should only be imposed as a last resort. Similarly, under Rule 41, the court must consider whether less drastic sanctions were imposed or considered before dismissal was ordered. Although Plaintiff failed to comply with the June 20, 2017 Order compelling him to respond to Defendants' discovery requests, the Court has yet to make clear that any continued failure to comply will result in dismissal of this action, although this Court so far has imposed lesser sanctions. Accordingly, while dismissal is not warranted at this time, the undersigned will enter an order compelling Plaintiff to respond to Defendants' discovery requests and to bear the costs of Defendants' motion to compel. If Plaintiff fails to respond appropriately to that order, the Court should dismiss Plaintiff's complaint under Rule 41.

**D.    Conclusion**

For the reasons set forth above, Defendant's Motion to Dismiss (docket no. 27) should be **DENIED** without prejudice. However, it is also recommended that if Plaintiff fails to fully comply with the order of even date compelling Plaintiff to respond to Defendants' discovery requests within fourteen days, the Court should dismiss this matter pursuant to Rule 41 of the Federal Rules of Civil Procedure.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: December 4, 2017	s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Plaintiffs and counsel of record on this date.

Dated: December 4, 2017	s/ Leanne Hosking
Case Manager