# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**JEFFREY B. LONERO,**

    Plaintiff,                           Case No. 16-cv-14279

    v.                                  District Judge Linda V. Parker

**STEVE KING, GREGORY HARTUNIAN,**      Magistrate Judge Mona K. Majzoub
**MARK ZUPIC, and**
**JOHN DOE OFFICERS 1-18,**

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff filed the present civil rights action under 42 U.S.C. § 1983, contending that employees of the Madison Heights Police Department violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution. (Docket no. 1.) On December 4, 2017, the Court granted a motion to compel filed by Defendants and pursuant to Rule 37 of the Federal Rules of Civil Procedure ordered Plaintiff to pay the reasonable expenses and attorney's fees that Defendants incurred in bringing the motion. (Docket no. 31.) On December 14, 2017, Defendants' counsel submitted a Bill of Costs. (Docket no. 33.) The undersigned now issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1).

## I. RECOMMENDATION

It is recommended that Defendants be awarded attorney's fees in the amount of $705.00, payable by Plaintiff to Defendants' counsel within twenty-one (21) days.

## II. REPORT

### A. Procedural History

Plaintiff filed this civil rights complaint on the basis of alleged violations of his rights under the Fourth and Fourteenth Amendments. Plaintiff contends that on December 7, 2013, Defendants employed excessive force during the execution of a warrant for Plaintiff's arrest, including tasering Plaintiff in the neck and striking Plaintiff in the head with a baton or flashlight. (Docket no. 1.)

On April 20, 2017, Defendants served Plaintiff by U.S. Mail to Plaintiff's counsel with Defendants' First Set of Interrogatories and Request to Produce pursuant to FRCP 33(a) and FRCP 34(a)(1). (Docket no. 27-3.)

On June 20, 2017, this Court entered a Stipulated Order compelling Plaintiff to serve full and complete answers to Defendants' First Set of Interrogatories and Requests to Produce Documents on or before July 5, 2017. (Docket no. 20.) When Plaintiff failed to respond by July 5, 2017, counsel for Plaintiff stated in an email to counsel for Defendants that he was "having trouble reaching [his] client." (Docket no. 27-9.) Defense counsel agreed to give Plaintiff until July 12, 2017 to respond to the discovery requests. (*Id.*) On July 13, 2017, Defendants filed a motion to compel Plaintiff to respond to Defendants' first set of interrogatories and requests to produce. (Docket no. 22).

On August 10, 2017, counsel for Defendants requested an update from Plaintiff's counsel regarding the outstanding discovery. Counsel for Plaintiff again stated that he was "having trouble breaking through to speak with [Plaintiff]." (Docket no. 27-8.)

On December 4, 2017, the Court granted a motion to compel filed by Defendants and, pursuant to Rule 37 of the Federal Rules of Civil Procedure, ordered Plaintiff to pay the

reasonable expenses and attorney's fees that Defendants incurred in bringing the motion. (Docket no. 31.)

**B.     Attorney Fees Standard**

Rule 37(a)(5)(A) authorizes the Court to order the payment of "the reasonable expenses incurred [by the moving party] in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). To calculate a reasonable attorney's fees award, courts use the "lodestar method," which requires the court to multiply a reasonable hourly rate by the reasonable number of hours worked. *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir. 2010). The Court "has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Hett v. Bryant Lafayette and Assocs.*, No. 10-cv-12479, 2011 WL 740460, at *2 (E.D. Mich. Feb. 24, 2011) (Borman, J.) (quoting *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994). But "[a]ccording to the law of this circuit, [the court] is required to adjust attorney fee rates to the local market rates for attorneys." *Swans v. City of Lansing*, 65 F.Supp.2d 625, 647 (W.D. Mich. 1998) (citing *Hadix v. Johnson*, 65 F.3d 532, 536 (6th Cir. 1995)). In addition, the court considers the following factors when calculating the reasonableness of attorney's fees: "(1) the professional standing and experience of the attorney; (2) the skill, time and labor involved; (3) the amount in question and the results achieved; (4) the difficulty of the case; (5) the expenses incurred; and (6) the nature and length of the professional relationship with the client." *Miller v. Alldata Corp.*, 14 Fed. Appx. 457, 468 (6th Cir. 2001).

The Supreme Court has also provided guidance:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates

> claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.
>
> The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission.

*Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983) (citation omitted).

### C. Analysis

Defendants' counsel asserts that Defendants incurred attorney's fees in the amount of $705.00 for 4.7 hours of work at an hourly rate of $150.00 per hour in connection with the Motion to Compel. (Docket no. 33.) With regard to the number of hours expended, Defendants' counsel includes time spent reviewing the case file "in preparation for follow up on outstanding discovery" (0.4 hours), corresponding with Plaintiff's counsel (1.3 hours total), communicating with Judge Parker's case manager (0.5 hours), telephone conferencing with Plaintiff's attorney (0.3 hours), preparing a stipulated order (0.7 hours), and drafting the motion to compel (1.5 hours). (*Id.*) The undersigned finds that Defense Counsel's hourly rate and time spent is reasonable, and therefore recommends that Defendants be awarded attorney's fees in the amount requested.

### D. Conclusion

For the reasons stated herein, it is recommended that attorney's fees be awarded to Defendants in the amount of $705.00.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as

provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: December 21, 2017        **s/ Mona K. Majzoub**
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of record on this date.

5

Dated: December 21, 2017         s/Leanne Hosking
                                 Case Manager